TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00022-CR






Anthony Germaine Nelson, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT

NO. 65589, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Anthony Germaine Nelson was placed on deferred adjudication community
supervision after he pleaded guilty to aggravated assault with a deadly weapon. See Tex. Penal
Code Ann. § 22.02 (West 2011); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2010). 
Five months later, the trial court granted the State's motion to adjudicate after finding that Nelson
had violated the conditions of supervision. (1) The court adjudicated Nelson guilty, revoked his
community supervision, and assessed his punishment at eight years' confinement in the Texas
Department of Criminal Justice. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp.
2010); Tex. Penal Code Ann. § 12.33 (West 2011).

 Nelson's court-appointed attorney has filed a motion to withdraw supported by a brief
concluding that the appeal is frivolous and without merit. The brief meets the requirements
of Anders v. California by presenting a professional evaluation of the record demonstrating
why there are no arguable grounds to be advanced. See 386 U.S. 738, 744 (1967); Garner v. State,
300 S.W.3d 763, 766 (Tex. Crim. App. 2009); see also Penson v. Ohio, 488 U.S. 75 (1988). 

 Nelson received a copy of counsel's brief and was advised of his right to examine the
appellate record and to file a pro se brief. See Anders, 386 U.S. at 744; Garner, 300 S.W.3d at 766. 
Nelson has filed three pro se responses with this Court complaining that (1) his appointed counsel
at the plea hearing was ineffective; (2) his guilty plea was involuntary; (3) the plea bargain with the
State violated his right to due process, (4) he is not guilty because he acted either in self-defense or
in defense of his property, and (5) statements made by the prosecutor at the revocation hearing
constitute defamation of character.

 Appellate review of an order adjudicating guilt ordinarily is limited to determining
whether the trial court abused its discretion in determining that the defendant violated the terms
and conditions of his community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b);
see also Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting Cardona v. State,
665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). Error in the original plea proceeding must be
appealed when the conditions of deferred adjudication are originally imposed. Vidaurri v. State,
49 S.W.3d 880, 884 (Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim.
App. 1999). An appellant may not appeal matters relating to the original plea proceeding after
his community supervision has been revoked and his adjudication of guilt formally made. (2)
 Manuel,
994 S.W.2d at 661-62.

 All but one of Nelson's complaints relate to the original plea proceeding and may not
be properly raised in this appeal from the order revoking his deferred adjudication community
supervision. Thus, these complaints do not raise arguably meritorious grounds for an appeal. 
Nelson's complaint concerning the purported defamation of character by the State also fails to raise
an arguably meritorious ground for review. Even assuming the complained-of comment was
defamatory, such a comment does not constitute grounds for reversal of the trial court's order
adjudicating guilt and revoking community supervision, particularly in light of Nelson's plea of
true. (3) Moreover, it is clear from the record that the prosecutor was merely narrating the facts of the
offense during the State's request for adjudication of guilt and revocation of community supervision,
not defaming Nelson's character.

 We have reviewed the record, including appointed counsel's brief and Nelson's pro se
responses, and find no reversible error. See Anders, 386 U.S. at 744; Garner, 300 S.W.3d at 766;
Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the
record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's
motion to withdraw is granted.


 However, we note that the judgment adjudicating guilt contains clerical errors. 
First, the judgment incorrectly reflects that Nelson pleaded "Not True" to the motion to adjudicate
when, in fact, he pleaded "True" to paragraph C, the third allegation contained in the motion to
adjudicate. This Court has authority to modify incorrect judgments when the necessary information
is available to do so. See. Tex. R. App. P. 46.2(b); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.
Crim. App. 1993). Accordingly, we modify the judgment to reflect that Nelson pleaded "True" to
the motion to adjudicate. See Britton v State, No. 02-10-00299-CR, 2011 WL 4345288, at *1 (Tex.
App.--Fort Worth September 15, 2011, no pet. h.) (mem. op., not designated for publication)
(modifying judgment to reflect proper plea to enhancement paragraphs before affirming conviction
in frivolous appeal under Anders); Davis v. State, No. 01-02-00404-CR, 2003 WL 139655, at *1
(Tex. App.--Houston [1st Dist.] Jan. 9, 2003, no pet.) (mem. op., not designated for publication)
(modifying judgment to reflect proper plea before affirming conviction in frivolous appeal
under Anders).

 Second, the judgment adjudicating guilt orders Nelson to pay attorney's fees in the
amount of $845.00. A trial court's authority to order a defendant to repay the cost of court-appointed
legal counsel is expressly conditioned on the court determining that the defendant has the financial
resources and ability to pay. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). The
defendant's financial resources and ability to pay are explicit critical elements under article 26.05(g)
that must be supported by the record evidence. Mayer v. State, 309 S.W.3d 552, 556 (Tex. Crim.
App. 2010). When the evidence does not support the order to pay attorney's fees, the proper remedy
is to delete the order. Mayer, 309 S.W.3d at 557.

 The record reflects that the trial court found Nelson indigent on two occasions and
appointed counsel to represent him at trial, at the revocation hearing, and again on appeal. Once an
accused is found to be indigent, he is presumed to remain so through the proceedings absent proof
of a material change in his circumstances. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp.
2010); Mayer, 309 S.W.3d at 557. Nothing in the record indicates a change in Nelson's financial
circumstances. Further, the record contains no determination by the trial court that Nelson has the
ability to pay attorney's fees and we find no factual basis in the record to support such a
determination. We, therefore, modify the judgment adjudicating guilt to delete the order that Nelson
pay $845.00 in attorney's fees. See Boone v. State, No. 03-10-00440-CR, 2011 WL 3250573,
at *1 (Tex. App.--Austin July 28, 2011, no pet.) (mem. op., not designated for publication)
(modifying judgment by deleting attorney's fees from bill of costs before affirming conviction in
frivolous appeal under Anders).

 As modified, the judgment of conviction is affirmed.


 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Modified and, as Modified, Affirmed

Filed: November 9, 2011

Do Not Publish

1. The State's motion to adjudicate contained three allegations. After Nelson pleaded true
to the third allegation, the State presented evidence as to the other two allegations. The trial court
found all three allegations to be true.
2. There are two limited exceptions to the general rule that the original plea cannot
be attacked on an appeal of the revocation proceedings: the "void judgment" exception and the
"habeas corpus" exception. See Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Neither
of those exceptions applies here.

3. A plea of "true" to even one allegation in the State's motion to revoke is sufficient to
support a judgment revoking community supervision. Cole v. State, 578 S.W.2d 127, 128 (Tex.
Crim. App. 1979); see Lewis v. State, 195 S.W.3d 205, 209 (Tex. App.--San Antonio 2006, no pet.).